HANG AND ASSOCIATES, PLLC
GE QU (GQ 5837)
136-18 39th Ave. Suite 1003
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288
*Attorneys for the Plaintiff, proposed FLSA Collective and Potential Rule 23 Class Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

-----------------------------------------------------------------X
ZHI QIANG ZHANG *on behalf of himself and others similarly situated*
                                 Plaintiff,
                                   v.
NEW ILLUZION SUSHI INC., a/k/a Illuzion, a/k/a Illuzion Japanese Cuisine, and LIQIN XIE

                                 Defendants,
-----------------------------------------------------------------X

Case No:

**29 U.S.C. § 216(b) COLLECTIVE ACTION & F.R.C.P. 23 CLASS ACTION**

**COMPLAINT**

Jury Trial Demanded

      Plaintiff Zhi Qiang Zhang ("Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Hang & Associates, PLLC, hereby brings this complaint against Defendants New Illuzion Sushi Inc., a/k/a Illuzion, a/k/a Illuzion Japanese Cuisine ("Corporate Defendant"), and Liqin Xie (collectively "Defendants") and alleges as follows:

**INTRODUCTION**

1. This action is brought by Plaintiff, on behalf of himself as well as other employees similarly situated, against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56a *et seq.* ("NJWHL"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in a pattern and practice of

failing to pay its employees, including Plaintiff, minimum wage and overtime compensation for all hours worked over forty (40) each workweek.

3. Defendants failed to record all of the time that Plaintiff and similarly situated employees of Corporate Defendants work or worked, including work done in excess of forty hours each week.

4. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wages, (2) unpaid overtime wages, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs, and (6) unpaid expenses related "tools of trade".

5. Plaintiff further alleges pursuant to New Jersey State Wage and Hour Law ("NJWHL") that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (4) prejudgment interest, (5) post-judgment interest, and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8. Plaintiff Zhi Qiang Zhang is an individual residing in Brooklyn, New York.

9. From May 26, 2016 to August 28, 2017, Plaintiff Zhi Qiang Zhang was employed by New Illuzion. Sushi Inc., a/k/a Illuzion, a/k/a Illuzion Japanese Cuisine, and Liqin Xie located at 337 Washington Street, Hoboken, NJ 07030 as a delivery worker.

## DEFENDANTS

*Corporate Defendants*

9. Defendant New Illuzion Sushi Inc. is a domestic business corporation organized under the laws of the State of New Jersey with a principal business address at 337 Washington Street, Hoboken, NJ 07030.

10. Upon information and belief, New Illuzion Sushi Inc. is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

11. Upon information and belief New Illuzion Sushi Inc. purchased and handled goods moved in interstate commerce.

*Owner/ Operator Defendants*

15  Owner/ Operator Defendant Liqin Xie acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NJWHL §34:11-56a et seq. and the regulations thereunder, N.J.A.C. 12:56 et seq.

16. Upon information and belief, Liqin Xie determined the wages and compensation of the employees of Defendants, including Plaintiff, and established work schedules and work load of the employees, maintained employee records, and had the authority to hire and fire employees.

17. Plaintiff has fulfilled all conditions precedent to the institution of this action and/ or conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings this action individually and on behalf of all other and former non-exempted waiters, waitresses, servers, busboys, kitchen staff, and delivery workers who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings his NJWHL claims pursuant to Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two (2) years before the filing of the Complaint in this case as defined herein (the "Class Period").

20. All said persons, including Plaintiff, are referred to herein as the "Class."

21. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P 23.

*Numerosity*

22. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is

presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

    b. Whether Plaintiff and Class members are paid at least the minimum wage for each hour worked under the NJWHL;

    c. Whether Plaintiff and Class members are entitled to and paid overtime under the NJWHL;

    d. Whether Defendants maintained policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    e. Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff and the Rule 23 Class's start of employment and/or or timely thereafter;

    f. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work;

*Typicality*

24. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation.

5

Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

25. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent representing Plaintiff in both class action and wage and hour employment litigation cases.

*Superiority*

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a

class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Upon information and belief, Defendants and other employers throughout the state violate the NJWHL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF FACTS

28. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully owed wage, at least the lawful overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

29. While employed by Defendants, Plaintiff was not exempted under federal and state laws requiring employers to pay employees overtime.

30. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

31. Throughout his employment, Plaintiff was employed by Defendants to work as a delivery worker at their Chinese restaurant located at 337 Washington Street, Hoboken, NJ 07030.

32. Plaintiff regularly worked five days a week with Monday and Wednesday off and he worked the following schedules: from 11:00 am to 11:00 pm without a break for around twelve (12) hours per day on Tuesday and Thursday; from 11:00 am to 11:30 pm without a break for around twelve hours and thirty minutes (12.5) on Friday; from 12:00 pm to 11:30 pm without a break for eleven hours and thirty minutes (11.5) on Saturday; from 12:00 pm to 11:00 pm without break for around eleven hours (11) on Sunday. Plaintiff was also responsible for driving co-workers to and from work between New York and New Jersey with the following schedule: Plaintiff would pick up the first co-worker at around 10:00 am on Tuesday, Thursday and Friday, and at around 11:00 am on Saturday and Sunday; Plaintiff would drop off the last co-worker in New York at 12:00 am (the next day) on Tuesday, Thursday, and Sunday, and at 12:30 am (the next day) on Friday and Saturday. Plaintiff therefore worked about sixty-nine (69) hours a week.

33. Throughout his employment, Plaintiff was paid at a fixed daily rate of $50.00 regardless of the number of hours he worked. From May 2016 to May 2017, Plaintiff received his salary bi-weekly by check. The frequency of payment, however, was changed to monthly for the period from June 2017 to August 2017.

34. To perform his duties, Plaintiff had to pay traffic tolls for about $6.50 per day, and gas for about $25.00 per day. Plaintiff was also issued ten (10) parking tickets throughout his employment with Defendant, which totaled up to $502.00.

35. Defendants, however, only reimbursed Plaintiff for his above mentioned expenses for $6.00 per day. Plaintiff received such stipend biweekly from May 2016 to May 2017, and monthly from June 2017 to August 2017.

36. Under the FLSA, the Plaintiff is entitled to a credit for all of the expenses for tools of trade.

37. The governing test regarding the "tools of the trade" is stated in the pertinent Department of Labor regulations: "if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act" 29 C.F.R. § 531.35.

38. Defendants knowingly and willfully operated their business with a policy of not completely reimbursing Plaintiff for expenses incurred in relation to tools of the trade used by Plaintiff in order to deliver food to customers of Defendants. Specifically, Plaintiff was not fully reimbursed for expenses related to making deliveries including $6.50 per day on tolls, $25.00 per day on gas, and $502.00 in total on the parking tickets.

39. Plaintiff was not required to punch time cards or otherwise to track his work hours.

40. Plaintiff was not compensated at least at one-and-one-half of the minimum wage or his calculated hourly wage, whichever is greater, for all hours worked above forty (40) in each workweek.

## STATEMENT OF CLAIMS
### COUNT I
**[Violations of the Fair Labor Standards Act—Minimum Wage Claim Brought on behalf of the Plaintiff and the FLSA Collective]**

41. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

42. At all times relevant to this action, the Defendants were Plaintiff's employers within the meaning of 29 U.S.C. §203 (d).

43. At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §206 (a) and §207 (a).

44. Defendants have willfully failed to compensate the Plaintiff and Class members the applicable minimum wage in violation of 29 U.S.C. §206 (a).

45. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional within the meaning of 29 U.S.C. §255(a). Defendants have failed to make a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and Class members.

46. Due to Defendants' FLSA violations, Plaintiff and Class members are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. §216(b), all in an amount to be determined at trial.

## COUNT II
### [Violation of New Jersey Wage and Hour Law—Claim for Minimum Wages]

47. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

48. At all times relevant to this action, Plaintiff and Class members were employed by Defendants within the meaning of New Jersey Statutes Annotated 34:11-56a1(h).

49. At all times relevant to this action, Defendants were employers within the meaning of New Jersey Statutes Annotated 34:11-56a1(g).

50. Defendants willfully failed to record, credit, or compensate Plaintiff and Class members the applicable minimum hourly wage, in violation of the New Jersey Minimum Wage Standards, specifically New Jersey Statutes Annotated 34:11-56 and applicable regulations.

51. Due to Defendants' violations of the New Jersey Wage and Hour Law, Plaintiff and Class members are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages as well as reasonable attorney's fees and costs of the action, pursuant to the New Jersey Wage and Hour Law, specifically New Jersey Statutes Annotated 34:11-56a25, all in an amount to be determined at trial.

## COUNT III.
### [Violations of the Fair Labor Standards Act— Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

54. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

55. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pays violated the FLSA.

56. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which

violated and continues to violate the FLSA, 29 U.S.C. §§201, *et seq.*, including 29 U.S.C. §§207(a)(1) and 215(a).

57. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

58. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

59. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT IV.
### [Violation of New Jersey Wage and Hour Law— Overtime Pay Brought on behalf of Plaintiff and Rule 23 Class]

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

62. Defendants' failure to pay Plaintiff was not in good faith.

63. By failing to pay Plaintiff and the class, the Plaintiffs and Class Members are entitled to recover from Defendants their full unpaid overtime pay, damages for unreasonably delayed payment

of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§34:11-56a *et seq.*

## COUNT V.
### [Violation of Fair Labor Standards Act — Failure to Reimburse for Expenses relating to Tools of Trade Brought on Behalf of Plaintiff and the FLSA Collective]

64. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. At all relevant times, Defendants had a policy and practice of refusing to reimburse Plaintiff for expenses incurred in relation to tools of the trade used by the Plaintiff and the Collective Class in order to deliver food to customers of Defendants.

66. Defendants failed to pay completely Plaintiff for expenses incurred in relation to tools of the trade, that is, Plaintiff was required to spend approximately $6.50 per day in gas and $25.00 per day in gas in order to perform deliveries; and Plaintiff incurred ten (10) parking tickets at the total amount of $502.00 due to his performing the delivery duty.

67. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to reimburse Plaintiff and Collective Class Members the expenses incurred in relation to tools of the trade used by Plaintiff when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Class members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a)   Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through

the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wages due under FLSA and NJWHL plus compensatory and liquidated damages;

g) An award of unpaid overtime wages due under FLSA and NJWHL plus compensatory and liquidated damages;

h) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

i) An award of liquidated and/ or punitive damages as a result of Defendants' willful

  failure to overtime compensation, pursuant to the NJWHL;

j) An award of unpaid reimbursements related to tools of trade due under FLSA plus compensatory and liquidated damages;

k) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

l) The cost and disbursements of this action;

m) An award of prejudgment and post-judgment fees; and

n) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
September 6, 2017

            Respectfully Submitted,

            HANG & ASSOCIATES, PLLC
            *Attorneys for Plaintiff, Proposed FLSA*
            *Collective and Potential Rule 23 Class*

            /s/ Ge Qu
            Ge Qu (GQ 5837)
            136-18 39th Ave. Suite 1003
            Flushing, NY 11354
            Tel: (718) 353-8588
            Fax: (718) 353-6288
            Email: rqu@hanglaw.com

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by New Illuzion Sushi Inc., and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

Zhi Qiang Zhang
Full Legal Name (Print)

*/s/ Zhi Qiang Zhang*
Signature

8/7/2017
Date